UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TERRENCE NICHOLS | ] | |
| Plaintiff, | ] | |
| | ] | No. **3 10 0351** |
| v. | ] | (No. 3:10-mc-0033) |
| | ] | Judge Echols |
| RICKY BELL, et al. | ] | |
| Defendants. | ] | |

## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Riverbend Maximum Security Institution in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Ricky Bell, Warden of the prison; and three members of the Riverbend staff; seeking declaratory, injunctive and monetary relief.

On June 1, 2009, the plaintiff received a visit from his wife. During the visit, she excused herself and went to the restroom. Following the visit, contraband which included drugs was discovered in the restroom.

Prison officials claim that the plaintiff's wife was the only individual who could have left the contraband in the restroom. The following day, the plaintiff was notified that he would no longer be allowed to visit with his wife. The plaintiff believes that this restriction on his visitation constitutes a violation of his rights.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908 (1981).

Prisoners have no absolute constitutional right to visitation. Bellamy v. Bradley, 729 F.2d 416, 420 (6th Cir.), *cert. denied,* 469 U.S. 845 (1984); Block v. Rutherford, 468 U.S. 576 (1984)(pre-trial detainees have no right to contact visits with friends and family members). Freedom of association is among those rights least compatible with incarceration, and some curtailment of that freedom must be expected in a prison context. Hewitt v. Helms, 459 U.S. 460 (1983). Thus, any restriction on a prisoner's visitation is permissible if it is reasonably related to a legitimate penalogical interest. Turner v. Safley, 482 U.S. 78, 89 (1987).

In this case, prison officials have restricted the plaintiff's visitation with his wife in response to concern over the introduction of contraband into the prison. Such a concern constitutes a legitimate penalogical interest. Therefore, it does not appear that the restriction on plaintiff's visitation in any way implicates the violation of a protected federal right.

In the absence of a constitutional violation, the plaintiff is unable to state a claim for relief under 42 U.S.C. § 1983. Under such circumstances, the Court is obliged to *sua sponte* dismiss this action. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Robert L. Echols
United States District Judge