# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

TERRENCE NICHOLS ]
    Plaintiff, ]
     ]
v. ]    No. 3:10-0351
     ]    Judge Echols
RICKY BELL, et al. ]
    Defendants. ]

## O R D E R

On April 6, 2010, an Order (Docket Entry No.10) was entered dismissing the instant *pro se* §1983 prisoner action for failure to state a claim. Since the entry of that Order, the plaintiff has filed a Motion for Reconsideration (Docket Entry No.14).

Following a visit with his wife, contraband was found in a restroom used by visitors. Prison officials determined that the plaintiff's wife was probably involved and suspended future visitation between the couple. The plaintiff felt that this constituted a violation of his rights and initiated the instant action.

The Court found that visitation was not an absolute right for prisoners and that prison officials could legally restrict visitation if it was reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987). Because the introduction of contraband is a matter of grave concern in a prison setting, the Court determined that the plaintiff's rights had not been violated and dismissed this action.

In his Motion for Reconsideration, the plaintiff asserts that he has a constitutional right to visit with his wife as recognized in Bazzetta v. McGinnis, 286 F.3d 311 (6th Cir.2002). Bazzetta was a challenge to Michigan prison regulations that restricted visitation. The court in Bazzetta noted that prisoners "retain a limited right to freedom of association". *Id*. at pg.316. This right, however, is not

absolute or unconditional. Thus, the holding in Bazzetta is not in conflict with this Court's decision to dismiss the instant action.

The plaintiff also argues that state law creates an entitlement to visitation that is subject to due process. The state statutes cited by the plaintiff, however, simply address the powers and duties given to the Commissioner of the Tennessee Department of Correction and do not create an entitlement to due process.[1] In any event, an inmate may appeal disapproval of a visitor through the grievance procedure. TDOC Policy No.507.01(VI)(B)(5). The plaintiff has not alleged that he was denied such an opportunity.[2]

Therefore, the Court finds that this action was not dismissed in error. Accordingly, plaintiff's Motion for Reconsideration lacks merit and is hereby DENIED.

It is so ORDERED.

Robert L. Echols
United States District Judge

---

[1] The plaintiff cites Tenn. Code Ann. §§ 4-3-603 and 4-3-606.

[2] TDOC regulations also provide that any visitor may be denied entrance to the visiting area for any reason. TDOC Policy No. 507.01(VI)(G)(1).